# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **DARRYL LANIER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | ) CASE NO.  3:22-CV-479-RGJ |
| | ) |
| **BROWN FORMAN, COOPERAGE** | ) |
| | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Darryl Lanier ("Lanier" or "Plaintiff"), by counsel, brings this action against Defendant, Brown Forman Cooperage, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act.

### II. PARTIES

2. Lanier is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §2000e-5(f)(3)

5. Jurisdiction is conferred on Lanier's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his

federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

7. Lanier was an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C §2000e(f).

8. Lanier satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on race and retaliation. Lanier received the required Notice of his Right to Sue and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Lanier is African-American and married to a Caucasian woman.

11. Lanier began working for Defendant on or around October 1, 2013 as a Barrel Finishing Inspector.

12. Lanier always met or exceeded Defendant's legitimate performance expectations. In fact, Lanier was promoted multiple times during his employment.

13. On or around October 7, 2021, Damon Richardson approached Lanier and started harassing Lanier for being married to a Caucasian woman. Lanier walked away from the incident and filed a complaint with Cecily Lewis ("Lewis") in Human Resources.

14. Despite the fact that Lanier was a victim in the matter, Lewis immediately issued a final warning notice to Lanier and suspended him for five (5) days.

15. Defendant then terminated Lanier on or around October 12, 2021, for falsely alleged workplace aggression stemming from the incident involving Richardson harassing Lanier because he was married to a "white woman".

16. Richardson, who threatened to slap Lanier on several occasions during the incident and made numerous derogatory references to Lanier being married to a "white woman", was not terminated from employment.

17. Moreover, similarly situated Caucasian employees, such as Mike Edelen, were not terminated after altercations with other employees.

## V. CAUSES OF ACTION
### COUNT I: RACE DISCRIMINATION

18. Lanier hereby incorporates paragraphs one (1) through seventeen (17) of his complaint as if the same were set forth at length herein.

19. Lanier's employment was terminated because of his race.

20. Defendant's actions were intentional, willful, and in reckless disregard of Lanier's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

21. Lanier has suffered damages as a result of the Defendant's unlawful actions.

### COUNT II: RETALIATION

22. Lanier hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Lanier engaged in protected activity when he opposed race-based harassment and discrimination.

24. Defendant retaliated against Lanier by terminating his employment.

25. Defendant's actions were intentional, willful, and taken in reckless disregard of Lanier's legal rights.

26. Defendant's unlawful actions have violated Lanier's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

27. Lanier suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Darryl Lanier, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Reinstate Lanier's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Lanier of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street

>Indianapolis, IN 46204
>Telephone: (317) 991 - 4765
>Email: ad@bdlegal.com
>*Counsel for Plaintiff, Darryl Lanier*

## DEMAND FOR JURY TRIAL

Plaintiff, Darryl Lanier, by counsel, requests a trial by jury on all issues deemed so triable.

>Respectfully submitted,
>
>BIESECKER DUTKANYCH & MACER, LLC
>By: /s/ Andrew Dutkanych
>Andrew Dutkanych, Atty. No. 91190
>144 North Delaware Street Indianapolis, IN 46204
>Telephone: (317) 991 - 4765
>Email: ad@bdlegal.com
>*Counsel for Plaintiff, Darryl Lanier*